UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ESTATE OF DOROTHY SAUNDERS AND HENRY BATISTE | CIVIL ACTION |
| VERSUS | NO. 06-9142 |
| STATE NATIONAL INSURANCE CO., INC. | SECTION "T" |

## ORDER AND REASONS

Before the Court is Defendant State National Insurance Company, Inc.'s ("State National") Motion for Summary Judgment [Rec. Doc. No. 8]. The plaintiffs, Dorothy Saunders and Henry Batiste, commenced this action for property damages resulting from Hurricanes Katrina and Rita for which plaintiffs allege they were covered under an insurance policy with the defendant. The defendant denies that the insurance policy in question, which names the plaintiffs' mortgagee as the sole insured party, extended coverage to the plaintiffs, filing this motion on June 14, 2007. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule. For the following reasons, the Motion for Summary Judgment is GRANTED.

**I      Background**

Defendant State National, a Texas corporation, insured Wilshire Credit Corporation

("Wilshire") under a Mortgage Protection Insurance Policy ("MPI Policy") beginning on February 1, 2005.[1] The policy states that it is "creditor-placed insurance" to cover mortgaged property that has not been insured by the mortgagor.[2] The MPI Policy covers Wilshire against wind storm hazard and flood damage to property for which Wilshire holds a "mortgagee interest."[3] Wilshire is the mortgagee on the property owned by the plaintiffs at 1929 North Rampart Street in New Orleans. The MPI Policy makes Wilshire the only "Named Insured" party to the MPI Policy and provides coverage only to Wilshire: "[t]he mortgagor is not a Named Insured under this policy."[4]

At the time Hurricane Katrina and Rita made landfall, the balance of the mortgage loan, and the amount of Wilshire's mortgagee interest, was $60,620.27.[5] Wilshire filed a claim and after State National investigated and adjusted, it concluded that the total wind and flood damage exceeded $108,000. The MPI Policy prohibited the stacking of wind and flood coverage where the damages were due to a common occurrence. On April 27, 2006, State National tendered the full policy limits of $60,620.27 to Wilshire as the Named Insured under the policy.[6]

The plaintiffs have not referred to any other insurance policy in effect for this property; the defendants aver that it was completely uninsured at the time of the storms. On November 1,

---

[1] Rec. Doc. No. 8-3, p. 4, Exhibit "A-1" at Wilshire MPI Policy, Declarations Page.

[2] *Id.*

[3] *Id.*, p. 5, at Policy §I.

[4] *Id.*, p. 5, at Policy §II..

[5] Rec. Doc. No. 8-2, p. 4

[6] *Id.*

2005, Wilshire issued a letter to the plaintiffs expressing concern that the property in question did not have a hazard or fire insurance policy in force.[7]  Wilshire informed the plaintiffs that it would obtain insurance "for the benefit" of the plaintiffs "to protect the security of your loan," for which the plaintiffs paid $556.00 annually.[8]  The plaintiffs aver that they believed these charges, paid into an escrow account, went to State National and created privity under the policy in question.[9]   On August 20, 2006, plaintiffs filed this lawsuit challenging the adjustment and payout under the Wilshire MPI Policy by State National.  The defendants subsequently filed this motion, arguing that the plaintiffs lack standing and privity to bring the case and that State National fully performed its obligations under the MPI Policy in tending the full policy limit to Wilshire.

## II.     Law and Analysis

### A.     Summary Judgment Standard

Fed. R. Civ. P. 56(c) states that summary judgment is the proper remedy if no genuine issue to any material fact exists, and the moving party is entitled to judgment as a matter of law. A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10]  The alleged existence of a factual dispute does not defeat an otherwise properly supported motion.  Therefore, if the evidence is "merely colorable, or is not

---

[7] Rec. Doc. No. 13-2, Exhibit "P-1."

[8] *Id.*

[9] Rec. Doc. No. 11, p. 4.

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

significantly probative," summary judgment is appropriate.[11]

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of the case.[12] The non-moving party must do more than simply deny the facts and legal claims raised by the moving party. Rather, the party must come forward with competent evidence, such as affidavits or depositions, to challenge the claims.[13] Nevertheless, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party.[14]

### B.     Standing and Privity

The MPI Policy is force-placed insurance procured by the mortgagee to protect its interests in the event that the mortgagor fails to purchase their own coverage. The plaintiffs assert that the MPI Policy was a contract for the benefit of the plaintiffs, creating a stipulation *pour autrui* which gives the plaintiffs the right to demand performance.[15] However, standing to file suit as a third-party beneficiary requires more than such an attenuated relationship. In *Harrison v. Safeco Ins. Co. of America*, Civil Action No. 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007), the court rejected a substantially similar claim for standing by a mortgagor to recover lender-placed property insurance. A stipulation *pour autrui* is properly attached when

---

[11] *Id.*, at 249-50.

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-3 (1986).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-6 (1986).

[14] *Anderson*, 477 U.S. at 255.

[15] LA. CIV. CODE art. 1978.

the parties to a lender-placed insurance policy "name the third party as an additional insured."[16]

In addition, the Policy's mere reference to a "mortgagor" or the dates of coverage do not ordinarily create a stipulation *pour autrui*; "[t]here must be a manifestation of intent to benefit that third party" at the time the policy is agreed to and executed.[17] Here, the letter marked Plaintiffs' Exhibit "P-1" is dated November 1, 2005, subsequent to the formation of the agreement on February 1, 2005. While the letter informed plaintiffs that the coverage for the insurance Wilshire had obtained for their benefit began on February 1, 2005 and lasted for one year, this mere mention does not illustrate the requisite intent that must be expressed by both parties to the Policy. Here, as in *Harrison*, the plaintiffs were not named and the Policy was explicit regarding its exclusive coverage of Wilshire.

The plaintiffs also contend that Wilshire was acting as a *negotiorum gestor* in procuring the policy for the benefit of the mortgagor. In *Hartford Ins. Co. of the Southeast v. Stablier*, 476 So.2d 464 (La.App. 1 Cir. 1985), the court held that a non-insured non-party to an insurance policy may establish rights under an insurance contract when it is the clear intention of the procuring party to obtain coverage for the non-insured. The plaintiffs' brief in opposition to this motion, in support of its contention that Wilshire is a necessary party to this action and ought to be joined, argues that Wilshire "secured an insurance policy for the plaintiffs without notifying them that *this was a policy to which the plaintiffs had no rights*."[18] A contract that benefits a

---

[16] *Harrison*, 2007 WL 1244268, p. 5 (*quotiing Nesom v. Chevron U.S.A. Inc.*, 633 F.Supp. 55, 58 (E.D. La. 1984)).

[17] *Id.*

[18] Rec. Doc. No. 11, p. 4 (emphasis added).

third party necessarily provides them with rights; it is only the terms of the policy that should be considered for the purposes of establishing *negotiorum gestio*.[19]  With no rights under the MPI Policy, Wilshire cannot be found to have negotiated with State National for the exclusive benefit of the plaintiffs.  Wilshire was acting for its own financial security and State National fully performed under the agreement.  State National cannot be said to have breached a duty owed to the plaintiffs.

Accordingly**,**

**IT IS ORDERED** that the Motion for Summary Judgment by Defendant State National be **GRANTED**.

New Orleans, Louisiana, this 23rd day of July, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE

---

[19] *Stablier*, 476 So.2d at 466.